# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Malika S. Jones,**<br><br>　　**Debtor ,**<br><br>**Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust,**<br><br>　　**Movant,**<br><br>**v.**<br><br>**Malika S. Jones,**<br><br>　　**Debtor/Respondent,**<br><br>**William C. Miller, Esquire**<br><br>　　**Trustee/Respondent** | **Bankruptcy No. 19-11278-amc**<br><br>**Chapter 13**<br><br>**Hearing Date: June 9, 2020**<br>**Hearing Time: 11:00 a.m.**<br>**Location: 900 Market Street,**<br>**Courtroom #4, Philadelphia, PA 19107** |

**<u>MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA
TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE
ACQUISITION TRUST FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION
TRUST TO FORECLOSE ON 5946 CEDAR AVENUE, PHILADELPHIA,
PENNSYLVANIA 19143</u>**

Secured Creditor, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Malika S. Jones, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on March 1, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes

affecting the jurisdiction of the Bankruptcy Courts generally.

3.   On April 30, 2007, Malika S. Jones executed and delivered a Promissory Note ("Note")

and Mortgage ("Mortgage") securing payment of the Note in the amount of $89,900.00 to

Lincoln Mortgage Company, A Pennsylvania Corporation.  A true and correct copy of the

Note is attached hereto as Exhibit "A."

4.   The Mortgage was recorded on May 4, 2007 in Document Number 51686279 of the Public

Records of Philadelphia County, Pennsylvania.  A true and correct copy of the Mortgage

is attached hereto as Exhibit "B."

5.   The Mortgage was secured as a lien against the Property located at 5946 Cedar Avenue,

Philadelphia, Pennsylvania 19143, ("the Property").

6.   A loan modification was entered into on October 14, 2015, creating a new principal balance

of $141,736.86.  A true and correct copy of the Agreement is attached hereto as Exhibit

"C."

7.   The loan was lastly assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana

Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust and same was

recorded with the Philadelphia County Recorder of Deeds on March 24, 2020 as Document

Number 53650671. A true and correct copy of the Assignment of Mortgage is attached

hereto as Exhibit "D."

8.   Based upon the Debtor(s)' Chapter 13 Amended Plan (Docket No. 23), post-petition

payments on Secured Creditor's loan shall be paid directly by the debtor. A true and correct

copy of the Chapter 13 Amended Plan is attached hereto as Exhibit "E."

9.   Debtor has failed to make the monthly payments of principal, interest, and escrow to

Secured Creditor in the amount of $706.69 which came due on December 1, 2019, January

1, 2020, February 1, 2020, March 1, 2020, April 1, 2020, and May 1, 2020, respectively.

10. Thus, Debtor(s)' post-petition arrearage totaled the sum of $4,105.20 through May 1, 2020.

11. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

12. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

13. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

14. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition to take any and all steps necessary to exercise any and all rights it may have in the collateral described

19-11278-amc
JONES, MALIKA
MFR

herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and

costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3),

and for any such further relief as this Honorable Court deems just and appropriate.

Date: May 15, 2020

<div style="margin-left:40%">

Robertson, Anschutz & Schneid, P.L.
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Phone: 470-321-7112
Fax: 404-393-1425
By:/s/ Charles G. Wohlrab
ATTNY NAME: Charles G. Wohlrab
PA Bar Number: 314532
Email: cwohlrab@rascrane.com

</div>